Good morning, Your Honors. May it please the Court, I'm Catherine Halpert representing Appellants, Board of Directors of the Motion Picture Industry Health Plan and the Motion Picture Industry Health Plan. I'd like to reserve five minutes for rebuttal. I'd also like to alert the Court that I have a virus and I'm having some difficulty hearing. The Appellants request that this Court reverse the separate orders of the summary judgment and the judgment in the district court committed legal and factual error in finding that the document entitled Motion Picture Industry Active Health Plan Summary Plan Description did not constitute a governing plan document under ERISA and an enforceable document and that the only enforceable document was the trust agreement. The court furthered error in concluding that the plan's unambiguous third-party liability provisions are unenforceable while at the same time granting restitution of benefits and clarification of rights to future benefits found in a document that they determined was not a plan document. The principal issue as to whether the SPD is an enforceable plan document must be viewed in the light of the purposes for which ERISA was adopted so that every employee on examining the plan documents determines exactly what his rights and obligations are under the plan. Excuse me. Appellee's rights to their rights and their obligations to reimburse the plan are found only in one document, the plan SPD, which together with the trust agreement was intended by the plan fiduciaries in charge with creation and interpretation of the plan as a governing plan document. Actually it struck me that if only the trust agreement is binding then there are no benefits. Correct. So it seems that the the individuals could not recover anything because there are no provisions for benefits in the trust agreement itself so how can you get benefits so I mean it strikes me that it would be illusory as a plan. Well that that's my point your honor is that either it is a plan document in which case the trust agreement which vests discretionary authority in the plan's benefit appeals committee to decide and interpret benefits is enforceable and it should be given deference by this court and because it was enforcing the clear unambiguous terms in the SPD for possible or logical. Can I interrupt a moment because it's very clear that the the plan contemplated that there would be a schedule of benefits. Correct. Is what is entitled the summary plan description which term summary is rather unusual for document that's hundreds of pages long goes well beyond being a schedule of benefits. Could we decide that the schedule of benefits contemplated by the plan is part of the plan but if there's a lot of other provisions in this document beyond being a schedule of benefits that it's not part of the plan. Well your honor I think that the first of all the trust agreement entitles the tasks the directors with creating a plan of benefits and the document is very clear it's identifies itself as that plan of benefits the declarations of the trustee say this is the plan of benefits and on the first page it also alerts participants that it's not only the plan of benefits but for persons who have elected coverage under the self-funded plan it functions both as a plan document and a summary plan description. The trust agreement here are you saying that it contains an express integration clause that lists the summary plan description? Your honor it it contains a complete reference and integration and of the plan. Let me let me then ask it differently does it contain an express integration clause? I would say it has an implied integration clause and in fact. So not expressed but implied? No but your honor is this this court is determined that documents that that contain enforceable plan terms or enforceable plan documents don't have to be labeled as such. What it anticipates is very much the same situation that was found in the Montanel case. I'm going to interrupt you again I'm sorry is there any significance to the fact that the trust agreement was adopted in 2010 and the summary plan description is from 2007? No your honor. And one didn't I mean that why didn't in 2010 they say oh and that 2007 document is where you find out what your benefits are and are not? No your honor because if you look at the trust agreement the trust agreement was this is this is a Taft-Hartley trust it was established in 1952. The trust agreement was adopted in 1952 with those plan provisions. What was provided to the the appellants at Pilleys in this case is the most current iteration of the trust agreement that contains all of the plan amendments up to that date. It doesn't change the structure of the plan the fact that there were amendments to the the document in 2010. The document the plan is established as a Taft-Hartley plan pursuant to a trust agreement just like in Montanel with the contemplation that plan benefits like many health plans would be expressed in a separate document. But why doesn't I guess I just I'm not quite sure I understand or appreciate why doesn't the trust agreement just expressly incorporate the summary plan description? It predated the summary plan description as noted by Judge Bolton predated the trust agreement so and it seems like we have a law that says it's drafter of the plan it's your burden to show that the summary plan description was expressly incorporated into the trust agreement. Your honor the there is nothing that requires that a plan be that the requirements of 402 B be expressed in any one document. It would be impractical for a health plan to incorporate the provisions of a summary plan description when those change those provisions are changing. It's very common for this kind of certain for health plans to to to have a separate document a trust agreement and a separate document that actually describes the benefits. I think that there is an incorporation of the of the document because it contemplates that the plan is governed by this trust agreement and the directors with full discretionary authority are authorized to create a plan of benefits which meets the definition of 402 B 4. If you're wrong the plaintiffs still lose because if there are no benefits then then the trust cannot have violated the terms of the plan requiring the payment of benefits. Well that's so I'm not sure how that really helps I mean that's well even if it's the right answer it is that you have either a determination that it is a plan of benefits which is a fully functioning plan document under 402 B 4 because it's the only one that specifies benefits or it is not. If it is not a plan document then the court clearly erred in number one granting them all benefits. Because there are unspecified in the trust agreement. Correct and and more importantly they they committed error in granting relief under 502 A 3 for monetary and injunctive relief which in fact forces the plan to grant benefits that the moles claim are not part of plan document. Let me get right to the provision that I find troubling with respect to the recoupment and it's one thing to have a person covered under the plan receive a benefit that she wasn't entitled to receive or retain a benefit she wasn't entitled to retain and quite another thing to have a provision that would require another person entitled to benefits under the plan say her mother or her minor sister be subject to recoupment for her failure to repay the plan. It seems to go against the whole idea of any equitable principles that were contemplated at the time that ERISA had these plans. Why would the other and I'm carefully not using the word participant why would the other dependents under the plan who had no control or say so over what the adult dependent did with the funds and didn't do with the funds that she received have to pay back well or have to not receive plan benefits because of someone else's failure to pay the money back. Well I will address the court's question but I would like to first preface it with the statement that that issue is not properly before this court and if it is considered before this court a determination that it's not properly before this court because the court did not cite on it and they didn't appeal it but nevertheless if it is before this court what's before this court is the decision of the trustees or the directors enforcing the written terms of the plan. The written terms of the plan in this case state that if in fact a participant fails to reimburse the plan for benefits then benefits will be recouped from all future benefits due that participant and anyone claiming under the participant basically a dependent. It is the only way that the plan can maintain its financial integrity and there's nothing that violates it. This this is a recoupment provision and it's the way that the sponsor designed the plan. It's sort of like garnishing somebody's wages for unrelated debt. It's a bit like garnishing wages in a sense that with this kind of recoupment plan it's not you're not getting directly the amount that you're owed but you're collecting a little bit at a time. That's correct your honor and and it's it's not a situation where as that this is outside the relief granted or the exclusive remedial scheme of risk it's actually within it because basically they have a right to benefits under the plan and if if the directors didn't enforce the benefits in accordance of the plan they can seek relief under 502 a 1b. Well in asking the about how the summary plan description cannot have something in it that's contrary to the plan and that's why in Amara they said that will the summary plan description was not a plan document and it can only be a brief explanation of what the plan is providing. Could this provision be considered even if we agree that the plan contemplated a schedule of benefits that what we have in this so-called summary plan description is much much more than a schedule of benefits and contains many other provisions that are not necessarily consistent with the plan? No I don't think so your honor because in this case first of all again the the trust agreement charges them with designing a the reimbursement provisions as well as the recruitment provisions specify the basis upon which the plan will will in fact provide benefits and the plan is has clearly said that when there are injuries that result from third parties it's a non-covered benefit but the plan will pay benefits under these circumstances and those circumstances are that you agree to reimburse it and if you don't it's considered an overpayment and then the plans over cross-referenced overpayment procedures kick in that allows the plan which would have no other opportunity let's say in the case of where the participant has dissipated the benefits to recoup the benefits that were given only under specific terms. Counselor you're down to about a minute did you want to say something? I would like to indicate that like there's a recent case that was published in the Fifth Circuit which came out on Friday the RIA versus. Do you submit that in writing? I will do that in writing and it talks about the the enforceability of a summary plan description where where in fact there is no other plan of benefits and also in this case this court in the Pritchard it was very clear that the court discussed the ability of excuse me plan sponsors they discussed but did not address the ability of a plan sponsor to create a plan of benefits which I think is very different from a situation in Amara where you have the plan administrators and you have a document that's conflicting in this case there is no conflict that is tenable either either you have you don't have a conflict in substantive terms you don't have a situation like most of the post Amara cases where the grant of discretion is only in a document that is considered a document of disclosure document in this the court found a conflict but the reality is that if the if they only enforce the terms of the trust agreement then there the court's narrow interpretation of Amara leads to the conclusion that there is no plan document good morning your honor's Don de camera appearing for the mole family plaintiffs and appellees may it please the court counsel to put this case into perspective it's important to look at what MPI is trying to accomplish with the instant appeal because the only two plan members that they sued in this case have resulted in final judgments against MPI and in favor of the plan members the first one of those was Linnae Mull who was severely injured in February 2010 in a very bad car accident when she was an 18 year old college freshman as an 18 year old she was an adult and as judge Bolton said no one in her family and no one else in the world can control her decisions for her she's entitled so we're we're actually aware of that of the facts but I'd like to get you right to where I think we have to go which is to determine whether the district court was correct or incorrect to conclude that the what is light label the summary plan description is not an enforceable plan document and I'd like your position on that question yes your honor the the summary plan description is clearly not an enforceable plan document as judge Fairbanks decided because how can you possibly get any benefits of any kind because the trust agreement contains no benefits that's correct your honor but number one the plan members don't know what's in that summary plan description they certainly don't know about this trap about a reimbursement I'm asking a more theoretical question summary plan description is not a plan document then there are no benefits payable because there is no plan document that contains any right to any benefits then doesn't your don't your clients necessarily have to lose no then it would be an illusory plan and Norman Mulls nearly quarter-century of work for the movie studios as a wrangler and putting in his union dues every month every year and since 2013 making direct payments to the MPI plan for health benefits would be all for naught well but aren't there cases that say that a court is not entitled to reform as in reformation of a contract and a Risa plan so you would be asking the court to do exactly that to expand upon what you say is the only plan document well not really your honor because that the fact of Linnaeus Mulls coverage is an undisputed fact in this case but her coverage that you are claiming is correct is the coverage that is provided for in the summary plan description correct okay so what you want to do is pick and choose what you want to say is that the benefits are part of the plan but none of the conditions under which the benefits are paid as part of the plan and I just don't understand theoretically how you get there well I don't think that you can take an undisputed issue in the case and turn it into a disputed issue in the Court of Appeal that's why well they admitted it I'm trying to take a step back and figure out how legally this works because it's it's about this case but it's also about how the next case comes out or how the next case is analyzed and it seems to me that when the trust agreement provides that a plan of benefits not a listing of payable benefits but a whole plan about benefits will be separately written why that isn't part of the plan to begin with and if it is why the recoupment provision isn't enforceable well because it's it's not that precisely set forth the plan documents were defectively drafted as Judge Bolton mentioned the formal plan document is dated 2010 at that time the 2007 SPD and the article 6 in the formal plan document is titled plan of benefits and it's drafted in the future tense section 3 says written plan of benefits after determination of the detailed basis upon which payments of benefits is to be made pursuant to this agreement the same shall be specified in writing by appropriate resolution of the directors and was that language in the I have no idea it's not in the record but each page the cover page of this says it's revised and updated in 2010 as does each page at the bottom that's fine but if the same provision existed for example in 2005 then wouldn't the summary plan description in 2007 have been appropriate even under your analysis no because this clearly indicates an intent to adopt a different plan of benefits in the future because they're they're misdrafting their document and it wasn't corrected until October 21st 2014 when they did adopt all of the reimbursement provisions in their SPD and recoupment and recovery provisions directly into the formal plan document in direct and express reaction to judge Fairbanks ruling and that's a clear party that's sort of you know that's a lot like you know fixing the the hole in the sidewalk after somebody's tripped it's usually not but fortunately it's not a first-degree case no but it lawyers fix things quote-unquote that don't need fixing all the time because it makes it easier or clearer or whatever so I guess I don't understand why what happened at 2014 is relevant well in light of Cigna versus Amara the summary plan description is not enforceable by MPI except that was a situation in which it actually functioned as a summary there was a separate plan that contained the lot of stuff and the description was short and it conflicted with the other thing that contained a lot of stuff and that's not true here where you have the that says has no benefits in it none that's correct your honor but are we to assume from that that nobody in the movie studio plan the MPI plan has been entitled to benefit since 19 no what I would assume from it is that it incorporates by reference the plan of benefits that is titled the summary plan description because that's where all the information is found and that's the point it expressly fails to do that until 2014 that seems to elevate form over substance to me at least well I don't think it does I have to respectfully disagree without a summary plan description in this case how could there be an Orissa health plan how could your clients draw benefits from that if you're arguing you're arguing and you're arguing vehemently that there should the summary plan document is not part of the trust agreement and correct so you should win but how do you win long term well and you might win this little battle here but you're gonna lose the war if you can't get any benefits your clients can't get any benefits from an Orissa health plan it's a question of who has the burden who drafts the plan documents well no it's a question of the result here in terms of what's ends up happening based on your argument if you want what you want you have to be careful because then the question is is there going to be an Orissa health plan that your parent your clients can get any benefit well clearly they contemplated that there would be an Orissa health plan and there is such a thing as the reasonable expectations doctrine which is codified in Orissa in 29 USC 2520.102-3 sub L which applies the reasonable expectations doctrine to reimbursement and recovery provisions and the reasonable expectations doctrine has been defined as reasonably expecting that the reasonable expectations of an insured is that a plan will cover his expectations might be that the lengthy summary plan description is actually the plan of benefits but let me ask you a different question in other circuits at least the question of this type of recoupment provision has been dealt with I'm not aware of any Ninth Circuit cases that have dealt with it but it seems to be that provisions like the one here have been fully enforced by courts what is it about this one other than this question about whether it is or isn't part of the plan I want you to assume for the sake of the question that it's part of the plan why wouldn't it be enforceable there your honor there has never been a single plan in the history I mean a single case in the history of Orissa where a reimbursement provision has been enforced against plan members who didn't recover the specifically identifiable fund of the recovery and that is a requirement under the last four Supreme Court cases the three-prong requirement has to be for it has to do with whether you're reaching directly for the benefits this is a this is that's why I called it's like garnishing the wages it's not getting the direct race and and that's a great example garnishing wages we should bear in mind that most of these Orissa plans are employment-based so if the court were to become the first court to ever say that you can go after plan members who recovered nothing and have no ability to pay it back then employers would be able to seize paychecks and I've seen that happen already that's what will happen if this court becomes the first court to ever go there I guess I see no basis whatsoever under the Orissa exclusive civil enforcement rule stated by the Supreme Court in the mid 80s in the pilot life and mass mutual cases or the last four Supreme Court cases establishing what is necessary to enforce properly enforce Orissa reimbursement provisions and that's a three-prong test it has to be for I'm sorry I was gonna ask what's your best your case that squarely supports your not utilize this over payment procedures provided in its terms to recruit any over payment benefits the last four Supreme Court cases on point Great West versus Knutson's there Sarah Boff US Airways versus McCutcheon and Montanil but these cases it seems to me only concerned the limitations on plans ability to seek judicial relief under section 502 that's and it's not just let me finish and then it's not clear to me that they foreclose all forms of potential extrajudicial relief and it seems like a few circuits have agreed with defendants argument that the defendants retain the sixth seventh and eleventh have all held that recoupment provisions of this type can be used to get at overpayment but only against the plan member making the recovery there's never been another case as here where the rest of the mall family the other three small family members who recovered nothing dependents who are under under the I'm sorry they are dependents for purposes of the plan correct then they have titled beneficiaries under Orissa dependents under the right MPI plan yes that's correct they don't have a separate relationship and a separate plan themselves no they're covered they're covered under the same plan but it goes back to what there's no provision in Orissa that says plans can have reimbursement provisions there is a provision in the Orissa civil enforcement section 1132 a3 which limits the plan to seeking injunctive relief or appropriate equitable relief that's the only statute we have and that's the statute you're the plaintiff they're not the plaintiff correct so how is that provision even relevant well they did sue Linnae Moll on a late mandatory counterclaim and Norman Moll her dad and they they forced Linnae Moll into bankruptcy they challenged her discharge ability they challenged her personal injury exemption they lost in the bankruptcy court she was discharged that's a final ruling they sued Norman Moll as the participant they filed this late mandatory counterclaim with the court's permission over our objection and in doing so they argued in their pleadings and in a sworn declaration of counsel by Miss Halford that Linnae Moll was the person who had in possession and control the balance of her recovery which is a requirement of the last four Supreme Court cases they can only go after the identifiable fund of the recovery and the possession and control of the plan member and based on that Judge Fairbank granted our 12b6 ruling to dismiss the counterclaim against Norman on the basis of judicial estoppel. I want to go back to this discussion of the reasonable expectations of the parties and this plan of benefits called the summary plan description. Sure. If your clients were going to have incur medical expenses where would they look for their reasonable expectation of what was covered? They would look undoubtedly in the summary plan description because that was the only document provided to them and what they would find is the only document that tells them what's covered what's not covered and the must have I mean any reasonable member would assume that that was where they would find out what their coverages were and if that's true doesn't it have to be part of the plan? No it does not it's the summary plan description as Judge Fairbank found and ruled and based on the evidence the summary plan description has only one of the four requisite elements under 29 USC 1102 the formal plan the declaration of trust has all four that was the basis for Judge Fairbank's ruling and it seems to be controlled by Cigna versus Amara and Becker and Pritchard and Pritchard involved two documents as we have here. Couldn't it just have the wrong name? I mean instead of being called the summary plan description isn't it the plan of benefits contemplated by the trust but there's about five of them because there's various programs Health Net Oxford Kaiser the Blue Shield self-funded plan etc so there is no document titled plan of benefits. Thank you counsel. I'd like to address several of the points raised by counsel first of all the record does show that this trust agreement was adopted in 1952 it says the date that it's adopted and any of the amendments that occurred since then are footnoted at the bottom and the court can see that in fact these provisions that we've referenced are from the original creation of the plan document or excuse me of the trust agreement. With regard to the 2004 amendments which were taken in an abundance of caution the amendments 2014 thank you the amendments only included the reimbursement provisions they didn't like the council suggest include the plan of benefits or incorporate the plan of benefits so in this going forward we have an enforceable reimbursement position and to an extent a participant challenges it it's enforceable but there's still no plan of benefits in the trust agreement the structure is very clear there are two governing documents and only one of them specifies the benefits also counsel clearly conflates the scope of remedial relief which is afforded under ERISA under the cases he suggests Montanel and all the other cases with the plans ability to create and design a plan of might not those equitable provisions be instructive as to what the scope of a recruitment a recoupment provision can be in an ERISA plan no your honor I think that in this case we're talking about two different things we're talking about he's saying that in fact you the you cannot design a plan with the recoupment provision that's not what I'm saying I'm asking whether these extreme limitations they have put on equitable restitution might not be instructive as to the scope of what a legitimate recoupment provision can provide in the plan because as your opposing counsel pointed out there's no case yet where recoupment has been allowed or sought against someone other than the person who received the funds your honor I think that the the cases about whether recruitment is available as a remedy at all and I I don't quite understand because if you're looking at it in terms of 503 a3 what the court does is enforce equitable terms in accordance with the terms of the plan we have a plan that's designed this way nothing in ERISA says we have to pay benefits for conditions under which we pay benefits we have designed a plan that says benefits are not payable where there is third-party injury but they will be payable under certain circumstances thank you counsel you've exceeded your here a lot of time we appreciate very much the arguments of both of you in
judges: Graber, Murguia, Bolton